UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA, )
) Criminal No. 16-10351-GAO
v. )
)
DORANCE DE JESUS SERNA-BEDOYA, )
)
Defendant. )
)

REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY[1]

May 23, 2017

Boal, M.J.

Dorance De Jesus Serna-Bedoya has appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure and Rule 5 of the Rules for United States Magistrate Judges in the District of Massachusetts, and has entered a plea of guilty to Count I of the Indictment. After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary and that the offenses charged are supported by an independent basis in fact establishing each of the essential elements of such offenses. I therefore recommend that the plea of guilty be accepted

---

[1] On May 4, 2017, the District Court referred the case to the undersigned to conduct a change of plea hearing. Docket No. 27.

1

and that Defendant be adjudged guilty and have a sentence imposed accordingly.[2]

                                        /s/ Jennifer C. Boal
                                        JENNIFER C. BOAL
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are hereby advised that, under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule will preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir 1993).